

FILED

DEC 19 2017

Clerk, U.S. District Court
Texas Eastern

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

*IN RE* DRAKE-STUDY

4:17cv874

*U.S. EX REL. LIU* vs. *ALLEN, DATAPROSE, COLLIN,*
*MORGAN CROSSING, ASSURED MANAGEMENT;*

COMPLAINT PUBLIC CORRUPTION



7015301000056570822

<u>PARTY OF INTEREST STATEMENT</u>
[FRCP RULES, RULE-17]

(a)(1) This action is hereby prosecuted upon United States interest, while officer Mr. Hao Liu whom had been prosecuting its proceeding pending before Congress pursuant *ART.III, Section 1,* whether its circuit judges (*Garland, Henderson, Rogers, Tatel, Brown, Griffith, Kavanaugh, Srinivasan, Millett, Pillard, and Wilkins*) behave properly at time national importance of question if its circuit compliance *United States Courts Judicial Conference* mandate judicial standard. Then much the hostiles obstruction, threat, retaliation was filed at district court (<u>*See*</u>, e.g., USDC-EDTX-416CV694 & 417CV263).

(b) *Then* Mr. Liu had to relocate his mother (Mrs. Liu) to of his post studies or domicile "*Drake-Study*" allocated if its "*1811 Drake Dr., Allen, Texas 75002, Collin County*" whereat Mr. Liu and his mother own 100% of the property. So that party Mr. Liu and his mother (Mrs. Liu) collectively "*Liu*" and "*Drake-Study*" property is real and party of interest.

(c) There is no minor or incompetent person; and,

(d). Officers naming compliance mandate its title, "*Liu*".

Hao Liu for the United States, dated 12/18/2017

i

## TABLE OF CONTENT

I.   UNITED STATES INTEREST

.................................   1

With subdivision alleged event combined factual
or predicate act setforth enumerate alphabetical
following:

(A). WEIRD DISCLOSURE

.................................   2

(B). TRANSMISSIONS OF SCHEME

.................................   5

(C). WIRED FRAUD

.................................   6

(D). AD VALOREM

.................................   10

(E). MISREPRESENTATION PROPERTY CODE
SEC.11.45

.................................   11

(F). EXTORTION UNDER COLOR OF OFFICIAL
RIGHT

.................................   13

(G). INTERFERENCE PROPERTY

.................................   14

ii

*(H). RECKLESS ENDANGERMENT*
.................................................... 18

*(I). RETALIATING, INTIMIDATION & THREAT*
.................................................... 20

*(J). COLLECTION UNLAWFUL DEBT*
.................................................... 22

II.   DEFENDANTS      .................................................... 23

III   VENUE & JURISDICTION
.................................................... 24

COUNT-1  .................................................... 24

COUNT-2  .................................................... 25

COUNT-3  .................................................... 25

COUNT-4  .................................................... 25

COUNT-5  .................................................... 25

COUNT-6  .................................................... 26

COUNT-7  .................................................... 26

COUNT-8  .................................................... 26

COUNT-9  .................................................... 27

<u>iii</u>

COUNT-10 ................................................ 27

COUNT-11 ................................................ 27

COUNT-12 ................................................ 28

COUNT-13 ................................................ 28

IV.    TREBLE RELIEF ................................................ 28

V.    JOINDER NOMINAL DEFENDANTS    .......... 29

VI.    CONCLUSION ................................................ 29


VII.    **ATTACHMENT-1**
           EXHIBIT-ALLEN-DISCLOSURE

VIII.    **ATTACHMENT-2**
           EXHIBIT- CCAD -MAIL#834

IX.    **ATTACHMENT-3**
           EXHIBIT-CCAD-RECEIVING

X.    **ATTACHMENT-4**
           EXHIBIT-NOTICE OBSTRUCTION

<u>iv</u>

*City-of-Allen*,
USPS#70153010000056570495;

*Collin-County*,
USPS#70153010000056570501;

*Morgan Crossing Owners Association*,
USPS#70153010000056570488

XI.   **ATTACHMENT-5**
EXHIBIT-MORGAN CROSSING-001
EXHIBIT-MORGAN CROSSING-002

XII.   **ATTACHMENT-6**
EXHIBIT-CODE-545.303(b)-VIOLATION-001

EXHIBIT-CODE-545.303(b)-VIOLATION-002

**-SEALED-**
EXHIBIT-CODE-545.303(b)-VIOLATION-003

–1–

*IN RE* DRAKE-STUDY

[COMPLAIN PUBLIC CORRUPTION]

**I. UNITED STATES INTEREST**

1. *First* Congress enact several statutes against corruption since 1789 that disqualification its custom officers from office, which known as the judicial bribery provision of the *Crimes Act of 1790* also the mail fraud statute address public corruption was enacted in 1872 provides intangible right to honest government.[1]

2. *Article II, Section-4* prosecute provision high crimes and misdemeanors common law corruption obligation by *Article IV, Section-4* guarantee every state in this union a *Republic* form of government. This obligated *"Republic"*[2] is form government in which the administration affairs is open to all its citizens public interest.[3] Congress then had further empowered district court primary obligatory enforcement its enactment civil regulatory including state created civil rights obligations specified two(2) acts the *Securities Act* and *Social Security Act* which acts together in parallel mandatory standard review by *generally accepted accounting principles* known as GAAP in uniform minimum standardization guideline regulatory entities and local state government operation in transparency.

---

[1] *See*, e.g., *US vs. States*, 488 F.2d 761 (8th Cir. 1973).

[2] *See*, e.g., Black's Law, west publishing co. 4th edition, 1968.

[3] Federalist Number 10.

−2−

With subdivision alleged event combined factual or predicate act setforth enumerate alphabetical following:

*(A). WEIRD DISCLOSURE*

3. *Generally Accepted Accounting Principles* (GAAP) are specific rules for the state and its local government financial transparency statements disclosures, that refers as *cost* to obtain or acquire asset of revenue must be reported as *accrual* accounting that holds the expense *matching* the revenue for its *disclosure* transport or known as *Cost, Revenue, Matching, Disclosure* four(4) standard basic principles. *"City-of-Allen"* utility billing disclosure contains statement of combined component consists 1-14 (*See*, e.g.,EXHIBIT-ALLEN-DISCLOSURE,*https//www.cityofallen. org/DocumentCenter/Home/View/247*):

1. *Meter Activity.*
2. *Usage History Graph.*
3. *Average Daily Usage.*
4. Special Messages.
5. *Payment Coupon (Tab).*
6. *Customer Name and Mailing Address.*
7. *Account Information.*
8. *account Activity.*
9. *Current Charges.*
10. *Itemized Charges.*
11. *Total Due.*
12. *Due Date.*
13. *Late Fee.*
14. *Remit Address.*

–3–



[EXHIBIT–ALLEN–DISCLOSURE ITEM–15,16]

−4−

1   4. As in reference *Generally Accepted Accounting Principles*
2   (GAAP) anatomy which *Full Disclosure Principle* mandate
3   *Matching principle* compliance, that *"City-of-Allen"* utility
4   bill   or   invoiced   *"Billing-Cycles"*   each   duration
5   length-in-day asymmetry does not match cities collection
6   revenue period-in-day earnings in symmetry.   Notice
7   *"Drake-Study"* billed by the *"City-of-Allen"* irregularity of
8   billing cycles with its regular charged trash service below:
9
10      TABLE-1: 2017 IRREGULARITY-BILLING-CYCLES
11

| BILLING CYCLE | PERIOD | DURATION(DAYS) | TRASH SERVICE |
|---|---|---|---|
| 1 | JAN-FEB | -- | -- |
| 2 | FEB-MAR | -- | -- |
| 3 | MAR-APR | 29 | $15.02 |
| 4 | APR-MAY | 35 | $15.02 |
| 5 | JUN-JUL | 30 | $15.02 |
| 6 | JUL-AUG | 34 | $15.02 |
| 7 | AUG-SEP | 27 | $15.02 |
| 8 | SEP-OCT | 30 | $15.02 |
| 9 | OCT-NOV | 33 | $15.02 |
| 10 | NOV-DEC | 29 | $15.02 |

12
13
14      [EXHIBIT-DRAKE STUDY-WATER BILL RECORD]
15
16   This   irregularity   *"Billing-Cycles"*   asymmetry   length
17   disruptive public mental burdens of receiving-to-paying
18   *"City-of-Allen"* water billing statement regularity patterned
19   monthly routine date.

−5−

5. Additionally in reference *Generally Accepted Accounting Principles* (GAAP) anatomy that *Full Disclosure Principle* mandate adjustment information affects its formulation symmetry earning period-in-days to collecting its revenue from aforementioned irregular "*Billing-Cycles*" asymmetry length-in-days, there is none (*See*, e.g., TABLE-1 *Irregularity Billing Cycles*, EXHIBIT-DRAKE STUDY-WATER BILL RECORD). Therefore, this none standard water bill disclosure or explanation neglect its collection revenue formulation key component "*Billing-Cycles*", which intent is state of mind is deviative evident (*See*, e.g., EXHIBIT-ALLEN-DISCLOSURE, Item-15 "# *Days*").

*(B). TRANSMISSIONS OF SCHEME*

6. Purposeful neglect and to conceal its complete disclosure of such irregularity "*Billing-Cycles*" particular material effect, that psychologically impairs public chronicle timely receiving-to-paying due standard general billing regularity each month that substantially induced burdensome mental stress avoidance transmitted sequential charge of late charge in fees, which amount is contrary clearly disclosed by design (*See*, e.g., EXHIBIT-ALLEN-DISCLOSURE. Item-13 "*Late Fee*").

7. Subsequent compulsory by impose late charges upon its premeditate irregularity billing "*Billing-Cycles*", the "*City-of-Allen*" was able devised to entice public viewing receiving-to-paying due standard general billing to its online billing public service for purpose a monetary gain.

–6–

*(C). WIRED FRAUD*

8. The *"City-of-Allen"* then contracted its associate or third party seller *"DataProse"*(DataProse, LLC) for its post-transaction online billings statement, document design and software to be able to handle Extended Markup Language (XML) ability to view and approve water bills online for printing and mailing purpose with provided public secured portal and required username, password and SSL collectively wired access.

9. Then this deviative none disclosure practice further extend to its online public service practice. Note *"City-of-Allen"* actual billed plaintiffs *"Drake-Study"* utilities invoice dated 09-22-2017 due amount was $84.59, but in fact online charged was made in the amount $86.59 on the date 10-12-2017; *also*, its invoiced date 10-27-2017 the amount $89.95, which its online charge was made in the amount $91.95 that differential reveals a pattern its online unauthorized credit card charges that is intention to neglect any clear conspicuously disclosure or any authorization (*See*, e.g., EXHIBIT-ALLEN-DISCLOSURE. Item-17, Item-18, Item-19). None of *"City-of-Allen"* or its associate *"DataProse"* financial statement in disclosures any context at any time procedurally provides public any clear conspicuously or any material terms of such transaction including of any description any goods or services being offered on which differential amount between actual the due-amount and charged-amount made online. This is violation 15 U.S.C. §8402 prohibitions certain unfair and deceptive internet sales practices.

–7–



[EXHIBIT-ALLEN-DISCLOSURE ITEM-17,18]

−8−



[EXHIBIT−ALLEN−DISCLOSURE ITEM−19]

–9–

10. Because contractual material fact agreement between *"City-of-Allen"* the initial provider and its online post-transaction provider *"DataProse"* whom must *be Payment Card Industry* (PCI), including *Visa Cardholder Information Security Program* (CISP) and *MasterCard Site Data Protection* (SDP) and whom must submit annually the *Statement on Standards of Attestation Engagement* (SSAE) including but not limiting its No.16 (SOC1) audit and *Federal Trade Commission's Red Flags Rule* compliance and mandatory out-of-state disaster recovery support to process the *"City-of-Allen"* water billings process storage by pretenses, representations, or promises, transmits, or causes to be transmitted by this meaning wiring interstate.

11. Based on paragraph#3 through #10 specified pattern *"City-of-Allen"* misrepresentation its irregularity *"Billing-Cycles"* antecedence by design is scheme deliberate-deception-intent causing public chronic payment chaotic anxietied burden imposition late fees amount-due transmitting to entice the nondisclosured differential amount-charged each post-transaction by its contracted third party seller *"DataProse, LLC"* online charge for the purposeful substantial monetary gain. This scheme process in false transaction by fraudulent pretense public service, this is fraud.

12. Regardless the above paragraphs entirely, that specified pattern the *"City-of-Allen"* irregularity *"Billing-Cycles"* base combined its *"Trash Service"* (See, e.g., EXHIBIT-ALLEN-DISCLOSURE. Item-16 *"CWD Waste Service"* "$15.02"monthly charge), there is none.

1    *(D). AD VALOREM*

2

3    13. Congress established the *Securities Exchange Commission*

4    (SEC) an independent agency enforcement regulations of

5    standard *Securities Act of 1933* but also provided pubic by

6    approval the *Social Security Act* that ensures aged retirees

7    and unemployment compensation or benefit the social

8    safety to prevent financial catastrophe in vulnerable

9    families. The *Social Security Act* subsequent had important

10    impact reformed housing industry uniform national

11    appraisal standard and simplified mortgage process of

12    construction criteria oversight by the *Federal Housing*

13    *Administration* (FHA).

14

15    14. Texas State legislation had recognized and approval

16    applicable federal ad valorem benefit exemption from its

17    property taxation (*See*, e.g., *TEXAS PROPERTY TAX*

18    *CODE*, Sec.11.12.) since about 1979 and subsequent

19    specifically establishment retirees benefit, or residence

20    homestead codified by its property statute Sec.11.13. with

21    general criteria property owners aged over-65 exemption

22    at time its applications.

23

24    15. On or about 03-05-2017, that because undersigned

25    officer Mr. Hao Liu and his mother Mrs. Liu (Ya-Qin

26    Zhong) aged at 79 whom had made specific clear

27    declaration during closing title transaction *"Drake-Study"*

28    to be used as primary residence, and application for its

29    applicable residence homestead exemption was filled with

30    the *Collin County Appraisal District* complete and proper.

31

-11-

1   *(E). MISREPRESENTATION PROPERTY CODE SEC.11.45*

2

3   16. On or about 06-20-2017, undersigned officer had been
4   receiving notification *Collin County Appraisal District*
5   denied *"Drake-Study" General Residential Homestead*
6   *Exemption* entitlement application on the futileness ground
7   as *"Our office sent you a letter on 04-19-2017 requesting*
8   *additional information in order to complete the processing of*
9   *your application. **As of this date we have not received that***
10   ***information.** According to the Texas Property Tax Code,*
11   *Section.11.45(b), If the chief appraiser requests additional*
12   *information from an applicant, the applicant must furnish it*
13   *within thirty (30) days after the date of the request or the*
14   *application is denied.",* which is absolute fictitious (See,
15   e.g.,Attachment-2, EXHIBIT- CCAD -MAIL#834).

16

17   17. Evidence shown *Collin County Appraisal District*
18   intending to establish false or fraudulent pretense
19   materially fact, that property owners whom had failed
20   response to its respectful 04-19-2017 letter and threat by
21   intimidation property owners must timely be submissive
22   additional information or whatever it request.

23

24   18. Reallege paragraph#15 fact, that contrary claimed by
25   denial as of the date was not receiving information despite
26   of the *Collin County Appraisal District* on 04-12-2017 had in
27   fact receiving property owners timely respectfully
28   response its inquires due corrections and information via
29   US Certified Mail#70070220000347526533 (*See*, e.g.,
30   EXHIBIT-CCAD-RECEIVING).

-12-



[EXHIBIT-CCAD-RECEIVING, USPS#70070220000347526533]

-13-

1    19. At time the *Collin County Appraisal District* devise its
2    artifice letter dated 06-20-2017 by falsifying and or
3    fraudulent pretense not receiving property owners
4    information, whom in fact had receiving all information
5    consist property *"Drake-Study"* owner Mr. Hao Liu driver
6    license copy shown his primary address in caring
7    co-owner his mother whom is aged 79 years old never had
8    Texas Drivers License so that enclosure a copy of her valid
9    *Social Security Identification Card* by best proof aged retirees
10    addressee intent receiving management her social security
11    benefit at allocation *"Drake Studies"* is appropriate (*See*, e.g.,
12    Attachment-2, EXHIBIT- CCAD-RECEIVING).

13

14    *(F). EXTORTION UNDER COLOR OF OFFICIAL RIGHT*

15

16    20. Based on paragraph#15 through #19 alleged pattern in
17    fact, which appeared the *Collin County Appraisal District*
18    whom further had been attempting to obtaining certain
19    amount of *"additional information"* other than *Texas Property*
20    *Tax Code* Sec.11.13 induced by wrongful use of an actual or
21    threat or fear under color of its official right for the
22    exchanging to process homestead exemption entitlement is
23    the *Hobbs Act* or title 18 U.S.C. § 1951 prohibited extortions.

24

25    21. Reallege specifically paragraph#16, the *Collin County*
26    *Appraisal District* whom have misrepresentation Texas
27    Property Code, Section 11.45(b) knowingly intentionally
28    recklessly by neglecting portion its statute *"However, for*
29    *good cause shown the chief appraiser may extend the deadline"*.
30    This evident intent neglect is implication state of mind.

31

-14-

1   *(G). INTERFERENCE PROPERTY*

2

3   22. Undersigned officers *"Drake-Study"* architectural front
4   porch entrance attachment designed being sit affirms
5   direct   access   to   the   appurtenant   servitudes   of
6   "Drake-Drive" street curb by means access easement of its
7   right-of-way which street is bi-directional traffic street
8   suited residential access each-side designated residence.
9   Beginning March and April 2017 at time moving-in the
10  properties, that plaintiff observed certain unlawful act
11  imposes a burden on the plaintiffs property adversely risk
12  affection   to   delay   its   complete   accessing-to-caring
13  enjoyment property. The nuisance including but not
14  *limiting alleged neighboring properties owners wrongfully*
15  assuming the dominion to the *"Drake-Study"* attachment
16  right-of-way denial of and or inconsistent United States
17  officers the rightful access his *"Drake-Study"* by means
18  repeat-to-relapse occasions park unauthorized vehicle and
19  or   vehicles   at   the   curb   *"Drake-Study"*   constitute
20  impede-to-delay   plaintiffs   entrance   of   complete
21  accessing-to-caring enjoyment the property.

22

23  23. On 06-30-2017 while the alleged pattern nuisance
24  repeat-to-relapses persist without improvement, so that
25  plaintiff had made service call to the *"City-of-Allen"* police
26  request assistance for timely access due to the above
27  *nuisance had been jeopardizing plaintiffs yard work and*
28  landscape   servicing   collectively   accessing-to-caring
29  enjoyment   the   property   at   that   time   (*See*,   e.g.,
30  EXHIBIT-ALLEN-POLICE REPORT#17-039330).

31

-15-

1   24. Upon arriving *"City-of-Allen"* police officer (*Badge#4377*)
2   at scene whom did observe by confirm the above pattern
3   evidence on record vehicle blocking-to-obstruction
4   substantial interference with possession or the right
5   thereto plaintiffs accessing-to-caring enjoyment the
6   property his *"Drake-Study"*.

7

8   25. Reconsolidate paragraph#22 through #24
9   repeat-to-relapses persist the above pattern substantial
10  interference delay plaintiffs timely accessing-using-caring
11  enjoyment the property, which had intruded plaintiffs
12  expense lot attached regular scheduled maintaining
13  *"Drake-Study"* specifically trees-plants-shrubs yard work
14  manicure well-being groom quality required accumulative
15  in time maintenance. This evident of event specifically
16  impede-to-delay plaintiffs yard neatly manicured,
17  groomed was noted to the police officer (*Badge#4377*) on
18  the date 07-07-2017 due to the fact that officers decision
19  (48)forty-eight hours or two(2) days removal or tow
20  subject obstruction vehicle on the date 06-30-2017 (*See*, e.g.,
21  ATTACHMENT-3, EXHIBIT-ALLEN-POLICE REPORT,
22  *Notice obstruction Homeowner Access Property & Belated its*
23  *Servicing*, USPS#70153010000056570464).

24

25  26. Consolidate paragraph#22 through #25
26  repeat-to-relapses persist the above pattern substantial
27  interference delay plaintiffs timely accessing-using-caring
28  enjoyment the property, which had impede-to-delay
29  plaintiffs expense lot attached regular scheduled
30  maintaining *"Drake-Study"* specifically trees-plants-shrubs
31  quality care result healthy in time accumulative growth.

-16-



-17-



*(H). RECKLESS ENDANGERMENT*

27. Base on paragraph#22, #23 repeat-to-relapses persist the above pattern not only substantial interference delay plaintiffs timely accessing-using-caring enjoyment the property the above, which pattern is *Texas Traffic Code* defined *"Parking-Facing-Traffic"* reckless endangerment public safety code *545.303(b)* specifically prohibited.

28. On the 08-07-2017 while the alleged pattern nuisance repeat-to-relapses persist without improvement rather aggravated to reckless endangerment public safety, undersigned United States officer had respectfully notified each alleged due diligent (*See,* e.g., ATTACHMENT-4, *City-of-Allen,* USPS#70153010000056570495; *Collin-County,* USPS#70153010000056570501; *Morgan Crossing Owners Association,* USPS#70153010000056570488).

29. Consolidate paragraph#22 through #28 that despite of United States officers diligent repeat effort to respectful notifying all parties each violation the above, which served no avail. Court should note alleged violations actual photo evidence shown the above page-16 record presents EXHIBIT-CODE-545.303(b)-VIOLATION-001, and page-17 EXHIBIT-CODE-545.303(b)-VIOLATION-002 have shown vehicles *"Parking-Facing-Traffic"* at scene, which hazardous nuisance pose an imminent injurious to the incoming traffic and or the unapparent element of the EXHIBIT-CODE-545.303(b)-VIOLATION-003 record evidence shown behind this parked page vehicle.

-19-



[EXHIBIT-CODE-545.303(b)-VIOLATION-003]

-20-

*(I). RETALIATING, INTIMIDATION & THREAT*

30. Prior and or after 08-30-2017 that undersigned United States officer had been reasonable given all alleged notice due diligent certain applicable statute required time length, that since then plaintiffs had been observed evidence trespass to land disposition trash and its enlarged animal or dog waste being appeared intent deposit-to-display to the *"Drake-Study"* attachment flowerbed-yard-sidewalk repeat-to-relapses persist multiple occasions. Dog waste naming alleged this complaint meaning evidence solid feces remain digestion excrement certain length intestine and or emissions of concentration liquefied urine vaporizations ammonia uric acid nitrogenous compound strong distinctive hormones odor extend time duration. As result certain dog urination infects nurture-to-prone bacterial growth evident dog-pee-mushroom fungi can be traced *"Drake-Study"* immediate attached flowerbed.

31. Despite of *"City-of-Allen"* fraudulent the above and or with intent to neglect regularly its charged, collected but failed provide any its trash service, that undersigned United States officer had been respectfully excised his due diligent management any *"Drake-Study"* waste other than its time in reference federal rules prescribed by the *United States General Service Administration* (GSA) specified real property policy assignment and authorization allocation of space without charge to Federal credit unions under specified conditions 12 U.S.C. §1770; *Rural Development act of 1972*, as amended 7 U.S.C. §2204b-1, Requires federal agencies to give first priority to rural areas in locating

-21-

1   offices and other facilities. *Executive Order 12941*, Federal
2   owned buildings safety standards. *Executive Order 13045*,
3   Protection Children from Health and Safety Risks. *Federal*
4   *Management Regulation, Subchapter C*–Real Property, part
5   102-74, Facility Management (41 C.F.R. part 102-74)
6   Prescribed policy guidance for the management, operation,
7   and maintenance of Federal Government owned and
8   leased    properties.    *Federal    Management    Regulation*,
9   Subchapter C–Real Property, part 102-80, Safety and
10  Environmental Management (41 C.F.R. part 102-80)
11  Prescribed safety and environmental management policy.

12

13  32. Evidence trespass to land disposition trash and or large
14  animal possible dog waste being purposefully intent
15  deposit-to-display    to    the    *"Drake-Study"*    attachment
16  flowerbed-yard-sidewalk by repeat-to-relapses persist
17  multiple occasions specifically pee in concentration toxic
18  including but not limiting ammonium salts impenetrable
19  tree roots and exterior cambium tissue vital substance by
20  oozing bacterial disease which eventually destroying and
21  or evidently impaired the infecting tree growth.

22

23  33. Reisolate the above and or reconsolidate paragraph#22
24  through paragraph#26 naming fact, that evidence trespass
25  to land disposition trash and its enlarged animal or dog
26  waste being repeat-to-relapses intent deposit-to-display to
27  the *"Drake-Study"* flowerbed-yard-sidewalk maybe pattern
28  progressive-to-aggravated retaliation, intimidation, threat
29  with intent to impair allege notified United States
30  proceeding by means damaging or threatening to damage
31  a real property and or the *"Drake-Study"*.

1   *(l). COLLECTION UNLAWFUL DEBT*

2

3   34. On 10-06-2017 and 10-19-2017, the alleged *"Morgan
4   Crossing Owners Association"* and of its alleged associate or
5   agent *"Assured Management, Inc."* whom having devised or
6   intending to utilizing the United States mails to false
7   accuse-by-misrepresentation    plaintiffs    *"Drake-Study"*
8   trees-plants-shrubs be waste trash subjective demanding
9   timely   removal   and   replacement   expense   incurred
10  usurious by attempting enforcement restrictive property
11  deed without due process State or Federal law (*See*, e.g.,
12  ATTACHMENT-5, EXHIBIT-MORGAN CROSSING-001,
13  *Notice   of   Violation*   dated   10-06-2017;   also,
14  EXHIBIT-MORGAN CROSSING-002, *Notice of Violation*
15  dated 10-19-2017,   *Morgan Crossing Owners Association*).

16

17  35. Consolidate aforementioned paragraphs entirely, that
18  the alleged *"Morgan Crossing Owners Association"* and of its
19  alleged associate whom having devised or intending false
20  accuse-by-misrepresentation    plaintiffs    *"Drake-Study"*
21  trees-plants-shrubs might been diseased, dying, or dead
22  which had been direct result connect in corruptions: First(1)
23  alleged *"City-of-Allen"* delay-to-denial and or fraudulent
24  provide absolute none existed trash and or collectively its
25  public service; Second(2) instigate by neglect standard care
26  to   allowance   subjective   repeat-to-relapses   interference
27  accessing-to-caring enjoyment property and by association
28  Third(3)   nonpoint   source   pollutant   trespass   to   land
29  disposition trash and of its enlarged animal or dog waste
30  deposit-to-display   to   impairing   growth   and   or   killing
31  *"Drake-Study"* trees-plants-shrubs in progress alleged,

−23−

## II. DEFENDANTS

36. DEFENDANT#1, the "*City-of-Allen*" is municipal corporation collectively administrative by its group municipal officers.

37. DEFENDANT#3, the "*DataProse*" is a private limited liability company "*City-of-Allen*" contracted its associate or third party seller for post-transaction online billings statement, that is collectively including but not limiting its officers, directors, and employees, franchisee owner operators and or successors therewith;

38. DEFENDANT#5, the "*Collin County*" is administrative or political subdivision of state Texas, which region having specific boundaries and governmental authority that embodies the "*City-of-Allen*".

39. DEFENDANT#7, "*Morgan Crossing Owners Association*" is a private association formed by real estate developer managing its residential subdivision.

40. DEFENDANT#9, "*Assured Management, Inc.*" a private corporation is authorized agent by "*Morgan Crossing Owners Association*" managing its residential subdivision.

41. DEFENDANT#11, "*Anonymous*" is any culpable person or entity organized actual-or-superficial, whom may be singular-or-plural associate enterprise engaged activities directly-and-indirectly that affect any harm damaging the real property "*Drake-Study*" allocation this complaint ;

-24-

## III. VENUE & JURISDICTION

42. United States Constitution *ART. II, (4); IV, (4);*

43. Congress enact statutes codified in Title 18 provides *Federal Prosecution of Public Corruption* pursuant the Hobbs Act (enacted 1934), the mail and wire fraud statutes (enacted 1872), including but not limiting the honest services fraud provision, the *Travel Act* (enacted 1961) and the *Racketeer Influenced and Corrupt Organization Act* (RICO enacted 1970) and the *Foreign Corrupt Practices* (FCPA enacted 1977) which authority ensured the public service government obligation of the United States said liable:

COUNT-1

44. Reallege paragraph#3 through #35, that CERCLA holds potentially reasonable parties (PRPs) DEFENDANT#1, #5, #7, #9, #11 joint and severally liable, without regard to fault, for cleanup costs damage incurred in response to the release or threatened release of hazardous substances as nonpoint source pollutant trespass to land disposition trash and of its enlarged animal or dog waste deposit-to-display to impairing growth and or killing "*Drake-Study*" trees-plants-shrubs in progress, which authorization is pursuant CERLA §107. Punitive damage equals to or up to three(3) times assessment that of DEFENDANT#7, #9 attempting to collect in usurious by attempting enforcement restrictive property deed equal to DEFENDANT#5 appraisal amount.

-25-

COUNT-2

45. Reallege paragraph#27 through #29, that DEFENDANT#1, #5, #7, #9, #11 each in singular is severally liable of offenses physical endangerment to children, it is violation 18 U.S.C. §3283.

COUNT-3

46. Reallege paragraph#22 through #26, that DEFENDANT#1, #5, #7, #9, #11 each in singular is severally liable hinder-to-delay by meanings obstruct United States each proceeding before Congress, the Court and its district court legal process is violation 18 U.S.C. §1512(b) outlined intimidation, threats, persuasion to obstruction shall be fined $250,000.

COUNT-4

47. Reconsolidate COUNT-1-2-3, that DEFENDANT#1, #5, #7, #9, #11 each in singular knowing engagement in conduct; either causing, or threatening to cause bodily injury; with intent to retaliate the known United States proceeding, it is violation 18 U.S.C. §1513 fine is $250,000.

COUNT-5

48. Reallege paragraph#16 through #21, that DEFENDANT#5 demanding a certain amount by hint *"additional information"* which is other than *Texas Property Tax Code* Sec.11.13 requirement, this is extortion under color official right specifically 18 U.S.C. § 1951 prohibited and shall be fined $250,000.

–26–

COUNT-6

49.    Reallege    paragraph#13    through    #18,    that DEFENDANT#1, #5, #7, #9, #11 whom each is severally liable attempts to interfere, obstruct and impede with administration of Social Security Act of 42 U.S.C. §1320a-8b prescribed and prohibited corruption.

COUNT-7

50. Reclaim upon COUNT-5 alleged, that DEFENDANT#5, denial *"Drake-Study"* rightful application of its homestead, specifically    on    the    evidence    state    of    mind misrepresentation Texas Property Code, Section 11.45(b) knowingly intentionally recklessly by neglecting portion its statute *"However, for good cause shown the chief appraiser may extend the deadline"*, whom attempting deprivation Social Security Recipients of right under color of law is violation 18 U.S.C. § 242 shall be fined $100,000.

COUNT-8

51.    Reallege    paragraph#3    through    #18,    that DEFENDANT#1, #3, #5, #7, #9 each is severally liable public corruption whom have devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or anything represented to be or intimated or held out to be such counterfeit or spurious of public service, executing such scheme or artifice or attempting so to do, places in or been sent or delivered by the United States Postal Service is violation 18 U.S.C. §1341 shall be fined nothing less than $1,000,000.

–27–

1    COUNT-9
2    52. Reallege paragraph#3 through #18, that
3    DEFENDANT#1, #3 each is severally liable public
4    corruption, whom have devised or intending to devise any
5    scheme or artifice to defraud, and for obtaining money or
6    property by means of false or fraudulent pretense,
7    representations as public service, or promises, transmits or
8    cause be transmitted by means of internet is violation 18
9    U.S.C. §1343 shall be fined nothing less than $1,000,000.
10
11    COUNT-10
12    53. Reconsolidate COUNT-1-2-3-4-5-6-7-8-9 federal offense
13    of title-18 continue pattern the racketeering activity
14    meaning defined by 18 U.S.C. § 1962(b), that
15    DEFENDANT#1, #3, #5, #7, #9, #11 each is severally liable
16    engagement by participation its enterprise affair unlawful
17    collection of debt in the usurious or in the name of public
18    service is 18 U.S.C. §1962(b) prohibited and shall be fined
19    nothing less $250,000.
20
21    COUNT-11
22    54. Reconsolidate COUNT-1 through COUNT-10 federal
23    offense of title-18 continue pattern the racketeering activity
24    meaning defined by 18 U.S.C. § 1961(1), that
25    DEFENDANT#1, #3, #5, #7, #9, #11 each is severally liable
26    engagement by participation its enterprise affair through
27    the naming racketeering activity proceed to damage real
28    property plaintiffs "*Drake-Study*", whom is liable violation
29    of 18 U.S.C. §1963 and shall be fined nothing less $250,000.
30
31

1    **IV. TREBLE RELIEF**

2

3    55. Reallege COUNT-1 through COUNT-11, that 18 U.S.C.
4    §1964 (c) Civil remedies United States officers injured
5    property plaintiffs "*Drake-Study*" threefold damage each
6    count sustain recovered, replacement all cost of the suit,
7    including reasonable attorneys fee may deem appropriate
8    this district court.

9

10   COUNT-12
11   56. Reconsolidate COUNT-1 through COUNT-10, that
12   DEFENDANT#11 is severally liable knowingly transports
13   or cause to be transport any hazardous waste specify
14   trespass to land disposition trash and its enlarged animal
15   or dog waste being purposefully intent deposit-to-display
16   to the "*Drake-Study*" flowerbed, front yard and sidewalk
17   purposefully destroying and or impaired the infecting its
18   tree growth, whom is violation SWDA §3008, and or 42
19   U.S.C. §6928 (e) shall be fined $250,000 and that naming
20   DEFENDANT#1, #5, #7, #9, #11 said enterprise or each
21   organization intent to neglect maintaining DNA record of
22   dog registration by failure to excise mandate standard of
23   care to refusing, delay to denial tracing identify waste
24   release point, shall be fined nothing less than $1,000,000.

25

26

27

28

29

30

31

**V. JOINDER NOMINAL DEFENDANTS**

58. United States will file its *Joinder of Person Needed for Just Adjudication* pursuant FRCP Rules, Rule 19(a)(1) at early date in sequent upon the court grant movant application by issuing subpoena defense production in matter supportive proceeding vindicate public interest.

**VI. CONCLUSION**

United States reclaim all from the above applicable plaintiffs relief with equity that is justly entitled

Respectfully Submitted,

_____
Hao Liu for the United States, dated 12/18/2017

Mr. Hao Liu
1811 Drake Dr.
Allen, Texas 75002

Mr. David A O'Neil
Assistant Attorney General
U.S. Department of Justice
Criminal Division
950 Pennsylvania Ave, NW
Washington, DC 20530-0001

-30-

Mr. Kevin McClendon
United States Attorneys Office
For the Eastern District of Texas
101 East Park Blvd, Suite 500
Plano, Texas 75074

Ms. Theresa Weathers
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Ms. Julie William
First Senior Deputy Comptroller and Chief Counsel
Office of the Comptroller of the Currency
250 E St. SW
Washington, DC 20219

-31-

-THIS IS END PAGE-
[USDC-EDTX/COMPLAINT/12-18-2017]